UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE H. TREVINO, M.D. AND<br>JAMES STEWART, M.D. | § § § § | |
| VS. | § § | CIVIL ACTION NO. M-08-219 |
| RUBEN PECHERO, M.D.,<br>VICKI LYNN CHRYSLER,<br>ALEX TREVINO AND<br>MOBILE VIDEO TAPES, INC. | § § § § § | |

## DEFENDANT RUBEN PECHERO, M.D.'S BRIEF IN RESPONSE TO PLAINTIFFS' BRIEF FILED ON NOVEMBER 21, 2008

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Ruben Pechero, M.D. ("Pechero"), and submits this Brief in Response to Plaintiffs' Brief filed on November 21, 2008, for Court's consideration.

I.
BACKGROUND

Plaintiffs Jorge H. Trevino, M.D. and James Stewart, M.D. (collectively, "Plaintiffs") filed Plaintiffs' First Amended Original Complaint and Plaintiffs' Brief of the Law in Support of Their Rico Claims and Violations of the Hobbs Act on November 21, 2008. Although Plaintiffs, as they did in their original complaint, recited the elements of each cause of action alleged by them under the federal statutes, they failed to provide sufficient facts to support a claim for which relief may be granted under either the Rico and Hobbs Acts. Pechero incorporates by

reference his two previous briefs in support of his Motion to Dismiss Plaintiffs' federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is Defendant Pechero's understanding that at the initial pretrial hearing of November 6, 2008, the Court suggested that Plaintiffs might consider submitting a brief regarding the following issues before the Court ruled on Defendant's Rule 12(b)(6) motion to dismiss: (1) whether a private cause of action exists under the Hobbs Act, 18 U.S.C. § 1951; (2) and whether a Hobbs Act violation may be used as a predicate act to support a RICO claim.

Plaintiffs have filed Plaintiffs' First Amended Complaint and have submitted a Brief in Support of the RICO Claim and Violations of the Hobbs Act ("Plaintiffs' Brief"). However, Plaintiffs failed to address the issues presented by the Court at the November 6th hearing. Instead of focusing on the Hobbs Act claims, Plaintiffs added a new allegation of attempted murder (First Amended Complaint, V., ¶ 34, VI., ¶ 46) in a last ditch effort to save their RICO claim and have provided no additional briefing specifically on the Hobbs Act. Accordingly, Pechero submits the following Brief focusing primarily on the issues posed by the Court and briefly responding to Plaintiffs' Brief.

## II.
## LEGAL ARGUMENT AND AUTHORITIES

The purpose of this Brief is to provide the Court with answers to the questions posed at the hearing and to briefly address Plaintiffs' Brief. First, Pechero will explain why there is no private cause of action under the Hobbs Act. Then, Pechero will move on to explain why Plaintiffs failed to state a violation of the

Hobbs Act and thus, why Plaintiffs cannot support their RICO claim with a Hobbs Act violation. Lastly, Pechero will address Plaintiffs new allegation of attempted murder as a predicate act under RICO.

A.  No Private Right of Action Under the Hobbs Act

As the Court noted at the hearing, the Fifth Circuit has not considered the issue of whether a private right of action exists under the Hobbs Act. But the issue has arisen in other courts, and since the Hobbs Act is a federal statute, their analysis of the issue is particularly insightful. The Hobbs Act itself is a bare criminal statute. *Scheidler v. National Org. for Women, Inc.*, 537 U.S. 393, 394, 123 S.Ct. 1057, 1060 (2003); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). In order for a private cause of action to exist impliedly under a criminal statute, there must be a factual basis for believing Congress intended such an action. *Middlesex County Sewage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 13, 101 S.Ct. 2615, 2622 (1981). Courts should look to the express language of the statute and congressional intent to determine whether congress intended a private right of action to exist. *Id.*

The Hobbs Act includes no language suggesting it can provide civil relief, *Peterson v. Philadelphia Stock Exchange*, 717 F.Supp. 332, 336 (E.D. Pa. 1989) nor does the legislative history indicate congress intended a civil right of action. *Wisdom*, 167 F.3d at 409; *Peterson*, 717 F.Supp. at 336. Thus, based on the above analysis, the courts that have examined whether a private cause of action exists under the Hobbs Act have found the federal law to be purely criminal in nature without an implied private right of action. *Wisdom*, 167 F.3d at 409; *American Computer Trust Leasing v.*

*Jack Farrell Implement Co.*, 763 F.Supp. 1473, 1497 (D. Minn. 1991); *John's Insulation, Inc. v. Siska Const. Co., Inc.*, 774 F.Supp. 156, 163 (S.D.N.Y. 1991); *Peterson*, 717 F.Supp. at 336; *Creech v. Federal Land Bank of Wichita*, 647 F.Supp. 1097, 1099 (C.D. Colo. 1986).

B.  Plaintiffs Failed to State a Claim for a Valid Violation of the Hobbs Act to Support Their RICO Claim

The Court questioned whether a valid Hobbs Act claim may give rise to a RICO violation. Again, there are no Fifth Circuit cases that address this issue. Thus, cases from other federal circuits must be examined for guidance. Under 18 U.S.C. § 1961(1)(B) of the RICO statute, the definition of "racketeering activity" includes "any act which is indictable under 18 U.S.C. § 1951."

Although a violation of the Hobbs Act may support a RICO claim, Plaintiffs clearly did not allege facts to support a valid Hobbs Act violation. In order for a Hobbs Act violation to occur, a person must obstruct, delay, or affect commerce by robbery or extortion or threaten physical violence. 18 U.S.C. § 1951(a). Extortion is defined under the Hobbs Act as "the obtaining of property from another, with his consent, induced by wrongful use or actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

In this case, Plaintiffs have failed to plead facts to support (1) interference with interstate commerce, and (2) extortion by failing to plead Pechero obtained property from Plaintiffs, with their consent, by wrongful use or threatened force, violence, or fear.

1. <u>Plaintiffs Failed to Plead Facts to Support Obstruction, Delay or Affect on Interstate Commerce</u>

As stated in detail in the Motion to Dismiss, Plaintiffs are doctors who treated patients in an office leased from Pechero in McAllen, Texas. First Amended Complaint, I., ¶ 1, V., ¶ 27. Plaintiffs are not engaged in the interstate transportation of goods, or in the sale of merchandise flowing through interstate commerce. Further, there are no facts in this case to support a claim of extortion under the Hobbs Act.

2. <u>Plaintiffs Failed to Plead Facts to Support the Hobbs Act Definition of Extortion</u>

Additionally, Plaintiffs have failed to provide any plausible facts to support that Pechero obtained their property with their consent by the wrongful use or threatened force, violence, or fear. In other words, Plaintiffs have failed to demonstrate how Pechero acquired property from them as a result of extortion or as a result of actual or threatened violence pursuant to a plan or purpose that affects interstate commerce through extortion. *See Scheidler*, 537 U.S. at 404 (2003). Thus, Plaintiffs have failed to allege facts that support a plausible violation of the Hobbs Act. Turning now to Plaintiffs Brief, Pechero will address Plaintiffs newly concocted allegation in order to support their RICO claim.

C. <u>Plaintiffs Newly Alleged Claim of Attempted Murder as a Predicate Act to Support their RICO Claims</u>

As part of Pechero's Motion to Dismiss, Pechero argued that Plaintiffs failed to plead facts to support the RICO element of a pattern of predicate acts. Now, Plaintiffs have amended their Original Complaint to throw in an unsubstantiated

allegation of attempted murder, First Amended Complaint, V., ¶ 34, and relied on the allegation in Plaintiffs' Brief to validate their RICO claims. Plaintiffs' Brief, p.p. 3-4. First, it should be noted that Plaintiffs ignored the Court's request for briefing on the Hobbs Act and filed Plaintiffs' Brief primarily in support of their RICO claims. Plaintiffs simply reiterated the arguments made in their response and added a new factual allegation of attempted murder in order to support the element of a pattern of predicate acts. Thus, Plaintiffs' Brief essentially provides no support for their Hobbs Act claim or a violation of the Hobbs Act.

Second, Plaintiffs' addition of the outlandish allegation of murder[1] and attempted murder only emphasizes the weakness of their RICO claims. First Amended Complaint, V., ¶ 34, VI., ¶ 46. This is exactly the type of case the newly pronounced *Twombly* standard was set out to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). The Supreme Court specifically held that claims supported by wholly conclusory statements should not survive a motion to dismiss. *Id*. at 1968. A plaintiff must provide enough facts to raise a right to relief that is plausible on its face or, in other words, above mere speculation. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1974). A plaintiff does not meet his obligation to state a claim for relief by asserting simple labels and conclusions. *Twombly*, 127 S.Ct. at 1974.

---

[1] Plaintiffs allege both the crimes of murder and attempted murder. First Amended Complaint, VI., ¶ 46. It seems the more crimes Plaintiffs can allege, the more is sounds as if a pattern of criminal activity occurred. But in order to allege the crime of murder, there must actually be a murder. Based on Plaintiffs' own bizarre facts, it appears the alleged crime should be attempted murder since Jorge Trevino's wife was not mortally wounded by the alleged shooting.

Plaintiffs have no proof that Pechero or anyone related to Pechero shot at Jorge Trevino's wife. Plaintiffs even admit no one was apprehended or arrested for the alleged crime. The only allegation which Plaintiffs allege connecting Pechero to such frivolous allegation is, "It is believed, however, that Defendant Pechero was behind this criminal act of murder or at the very least attempted murder", but Plaintiffs do not allege any facts to support their belief. First Amended Complaint, V., ¶ 34. Yet, Plaintiffs have no problem making unsubstantiated, defamatory accusations against Pechero in their Complaint. Additionally, if Plaintiffs sincerely thought Pechero was somehow related to this alleged incident that occurred in July 2006, they would have included the allegation in their Original Complaint, which they did not. Their addition of the ridiculous attempted murder allegation after the hearing of November 6th, only supports the conclusion that this is simply an attempt to avoid the dismissal of their claims.

## III.
## CONCLUSION

Pursuant to the Court's request for briefing on the issue of the Hobbs Act, Pechero submits this Brief to aid in clarifying the law. As provided herein, there is no private cause of action under the Hobbs Act. Thus, Plaintiffs have failed to state a claim for a Hobbs Act violation by itself. Although Plaintiffs may support a RICO claim with a valid Hobbs Act violation, Plaintiffs have failed to allege any facts to support such a violation under the Hobbs Act statute. Finally, Plaintiffs failed to provide any support for the validity of their claims in Plaintiffs' Brief. Plaintiffs ignored the Court's request and filed Plaintiffs' Brief primarily in support of their

RICO claim by adding a new factual allegation of attempted murder in order to support the element of a pattern of predicate acts. Not only did Plaintiffs fail to argue why their Hobbs Act claims are valid, but they emphasized the weakness of their RICO claim by adding a completely unfounded attempted murder allegation in a last ditch effort to avoid dismissal of their claims. For the reasons set forth herein, Pechero reasserts his request to the Court to dismiss all of Plaintiffs' federal claims and Plaintiffs' pendent or ancillary state claims as requested in his Rule 12(b)(6) motion.

Respectfully submitted,

THE CISNEROS LAW FIRM, L.L.P.,
312 Lindberg Street
McAllen, Texas 78501
Telephone No. (956) 682-1883
Facsimile No. (956) 682-0132

__/s/_____
Joe A. Cisneros
State Bar No. 04256000
Attorney for
Defendant Ruben Pechero, M.D.

### CERTIFICATE OF SERVICE

I, Joe A. Cisneros, hereby certify that on this the 25th day of November, 2008, a true and correct copy of Defendant Ruben Pechero, M.D.'s Brief in Response to Plaintiffs' Brief filed on November 21, 2008, has been sent to all counsel of record via electronic mail.

__/s/_____
JOE A. CISNEROS