UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE H. TREVINO, M.D. AND<br>JAMES STEWART, M.D. | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. M-08-219 |
| | §<br>§ | |
| RUBEN PECHERO, M.D.,<br>VICKI LYNN CHRYSLER,<br>ALEX TREVINO AND<br>MOBILE VIDEO TAPES, INC. | §<br>§<br>§<br>§ | |

## DEFENDANT RUBEN PECHERO, M.D.'S ANSWER
## TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT
## JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Ruben Pechero, M.D., and files this his timely answer to Plaintiffs' First Amended Original Complaint. This Court denied Defendant's Rule 12(b)(6) motion to dismiss Plaintiffs' complaint on December 9, 2008. Defendant is filing his answer on this the 18th day of December, 2008, within the 10 days allowed by law after the ruling of the Court of December 9, 2008.

I.

Defendant's answer to Plaintiffs' paragraphs 1 through 3 of Roman Numeral I, INTRODUCTION, of Plaintiffs' First Amended Original Complaint:

1. Defendant **admits** that Plaintiffs are medical doctors in the city of McAllen, Texas. Defendant **denies** the allegation that he committed illegal acts against Plaintiffs. Defendant lacks knowledge and information sufficient to form a belief about the truth of the other allegations contained in Plaintiffs' paragraph 1.

2. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' paragraph 2.

3. Defendant **admits** that a claim has been brought forth by Plaintiffs, but **denies** that Defendant committed and/or conspired to commit violations of the Sherman Antitrust Act, Clayton Act, Hobbs Act, Racketeer Influenced and Corrupt Organizations Act, and various other causes of action alleged by Plaintiffs in their Original Complaint.

II.

Defendant's answer to Plaintiffs' paragraphs 4 through 6 of Roman Numeral II, JURISDICTION AND VENUE, of Plaintiffs' First Amended Original Complaint:

4. Defendant **denies** that this Court has subject matter jurisdiction as alleged by Plaintiffs.

5. Defendant **denies** that it has supplemental jurisdiction over Plaintiffs' alleged state claims for the reason that this Court does not have subject matter jurisdiction as alleged by Plaintiffs in paragraph 4.

6. Defendant **admits** that, if this Court has subject matter jurisdiction, venue is proper as alleged by Plaintiffs.

Defendant's answer to Plaintiffs' paragraphs 7 through 9 of subparagraph A, Plaintiffs, of Roman Numeral III, PARTIES, of Plaintiffs' First Amended Original Complaint:

7. Defendant **admits** the allegations in paragraph 7.

8. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' paragraph 8.

9. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' paragraph 9.

Defendant's answer to Plaintiffs' paragraphs 10 through 14 of subparagraph B, Defendants, of Roman Numeral III, PARTIES, of Plaintiffs' First Amended Original Complaint:

10. Defendant **admits** that Ruben Pechero, M.D., and Vicki Chrysler are Defendants in this action, but denies that Alex Trevino and Mobile Video Tapes, Inc., are Defendants for the reason that this Court has dismissed Plaintiffs' claims against them and are not Defendants in this action any longer.

11. Defendant **admits** that he is an orthopedic surgeon with several individual enterprises and holdings, but denies that, as an orthopedic surgeon, he owns "many" individual enterprises and holdings. Defendant **denies** that he owns, operates, and manages the entities alleged by Plaintiffs at this time, but admits that, in the past, he did own, operate, and manage the entities alleged by Plaintiffs, and that the entities alleged by Plaintiffs do not exist as such, but that the names have been changed to other names.

12. Defendant **admits** that Defendant Chrysler is a realtor, but lacks knowledge and information sufficient to form a belief that Defendant Chrysler owns the real estate firm alleged by Plaintiffs.

13. Defendant **admits** that Defendant Alex Trevino was a defendant in this action until the Court dismissed Plaintiffs' claims against him. Defendant Pechero lacks knowledge and information sufficient to form a belief about the truth of the other allegations contained in Plaintiffs' paragraph 13.

14. Defendant **admits** that Defendant Mobile Video Tapes, Inc., was a defendant in this action until the Court dismissed Plaintiffs' claims against it. Defendant Pechero lacks knowledge and information sufficient to form a

belief about the truth of the other allegations contained in Plaintiffs' paragraph 14.

Defendant's answer to Plaintiffs' paragraphs 15 through 19 of subparagraph A, Racketeer Influenced and Corrupt Organizations Act (RICO), of Roman Numeral IV, LEGAL FRAMEWORK, of Plaintiffs' First Amended Original Complaint:

15. Defendant **admits** the allegations in paragraph 15.

16. Defendant **admits** the allegations in paragraph 16.

17. Defendant **denies** allegations in paragraph 17.

18. Defendant **denies** the allegations in paragraph 18.

19. Defendant **denies** the allegations in paragraph 19.

Defendant's answer to Plaintiffs' paragraphs 20 through 23 of subparagraph B, Hobbs Act, of Roman Numeral IV, LEGAL FRAMEWORK, of Plaintiffs' First Amended Original Complaint:

20. Defendant **admits** the allegations in paragraph 20.

21. Defendant **denies** the allegations in paragraph 21.

22. Defendant **denies** the allegations in paragraph 22.

23. Defendant **denies** the allegations in paragraph 23.

Defendant's answer to Plaintiffs' paragraph 24 of subparagraph C, Sherman Antitrust Act, of Roman Numeral IV, LEGAL FRAMEWORK, of Plaintiffs' First Amended Original Complaint:

24. Defendant **admits** the allegations in paragraph 24.

Defendant's answer to Plaintiffs' paragraphs 25 through 26 of subparagraph D, Clayton Antitrust Act, of Roman Numeral IV, LEGAL FRAMEWORK, of Plaintiffs' First Amended Original Complaint:

25. Defendant **admits** the allegations in paragraph 25.

26. Defendant **admits** the allegations in paragraph 26.

Defendant's answer to Plaintiffs' paragraphs 27 through 44 of Roman Numeral V, FACTUAL ALLEGATIONS, of Plaintiffs' First Amended Original Complaint:

27. Defendant **denies** that Rio Grande Regional Hospital subleased a commercial office to Plaintiffs, but **admits** that the hospital subleased a commercial building to McAllen Primary Care Clinic, Inc. Defendant **denies** that Defendant owns this property, but **admits** that the title to this property is registered in the name of Pechero Limited Partnership which is now known as Nerea Limited Partnership by name change whose general partner is Nerea Family, LLC, in which entities Defendant is an interest holder. Defendant **admits** that McAllen Orthopedic Center, PA, had previously leased this property to the hospital by written lease. Defendant **admits** that the titleholder of this property, through Defendant, did not object to the sublease. Defendant **admits** that the lease between McAllen Orthopedic Center, PA, and the hospital eventually expired after the hospital subleased to McAllen Primary Care Clinic, Inc.

28. Defendant **admits** that McAllen Primary Care Clinic, Inc., in which Plaintiff Dr. Jorge Trevino has an interest, rented the office for several years. Defendant **denies** that Plaintiffs invested considerably in the property and that Plaintiffs wished to continue leasing. Defendant **admits** that McAllen Primary Care Clinic, Inc., through its authorized representatives negotiated with Defendant on a lease which was never signed by the parties, and that McAllen Primary Care Clinic, Inc., and/or Plaintiff Dr. Jorge Trevino occupied the property in question through an oral understanding on a month-to-month basis.

29. Defendant **denies** the allegations in paragraph 29.

30. Defendant **denies** the allegations in paragraph 30.

31. Defendant **denies** that he is a large shareholder of Doctors Hospital at Renaissance, but **admits** that he is a shareholder in said hospital. Defendant **denies** all of the other allegations in paragraph 31.

32. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' paragraph 32.

33. Defendant **denies** the allegations in paragraph 33.

34. Defendant **denies** the allegations in paragraph 34.

35. Defendant **denies** the allegations in paragraph 35.

36. Defendant **denies** the allegations in paragraph 36.

37. Defendant **denies** the allegations in paragraph 37.

38. Defendant **denies** the allegations in paragraph 38.

39. Defendant **denies** the allegations in paragraph 39.

40. Defendant **denies** the allegations in paragraph 40.

41. Defendant **denies** the allegations in paragraph 41.

42. Defendant **denies** the allegations in paragraph 42.

43. Defendant **admits** that Defendant Chrysler had access to the property. Defendant lacks knowledge and information sufficient to form a belief about the truth of the rest of the allegations contained in Plaintiffs' paragraph 43.

44. Defendant lacks knowledge and information sufficient to form a belief about the truth of the rest of the allegations contained in Plaintiffs' paragraph 44.

45. Defendant lacks knowledge and information sufficient to form a belief about the truth of the rest of the allegations contained in Plaintiffs' paragraph 45.

Defendant's answer to Plaintiffs' paragraphs 46 through 50 of Roman Numeral VI, FIRST CAUSE OF ACTION – RICO VIOLATIONS, of Plaintiffs' First Amended Original Complaint:

46. Defendant **denies** the allegations in paragraph 46.
47. Defendant **denies** the allegations in paragraph 47.
48. Defendant **denies** the allegations in paragraph 48.
49. Defendant **denies** the allegations in paragraph 49.
50. Defendant **denies** the allegations in paragraph 50.

Defendant's answer to Plaintiffs' paragraphs 51 through 54 of Roman Numeral VII, SECOND CAUSE OF ACTION – VIOLATIONS OF HOBBS ACT, of Plaintiffs' First Amended Original Complaint:

51. Defendant **admits** that Plaintiffs assert the allegations in paragraph V in Plaintiffs' First Amended Original Complaint and that Plaintiffs have brought this cause of action against Pechero and Chrysler for violations or attempted violations of the provisions of the Hobbs Act, which allegations Defendant Pechero **denies**.
52. Defendant **denies** the allegations in paragraph 52.
53. Defendant **denies** the allegations in paragraph 53.
54. Defendant **denies** the allegations in paragraph 54.

Defendant's answer to Plaintiffs' paragraphs 55 through 56 of Roman Numeral VIII, THIRD CAUSE OF ACTION – FRAUD, of Plaintiffs' First Amended Original Complaint:

55. Defendant **denies** the allegations in paragraph 55.
56. Defendant **denies** the allegations in paragraph 56.

Defendant's answer to Plaintiffs' paragraphs 57 through 58 of Roman Numeral IX, FOURTH CAUSE OF ACTION – INVASION OF PRIVACY, of Plaintiffs' First Amended Original Complaint:

57. Defendant **admits** that Plaintiffs have brought an action against Defendants Pechero and Chrysler for invasion of privacy, but **denies** Plaintiffs' allegations against Defendant.

58. Defendant **denies** the allegations in paragraph 58.

Defendant's answer to Plaintiffs' paragraphs 59 through 61 of Roman Numeral X, FIFTH CAUSE OF ACTION – BREACH OF CONTRACT, of Plaintiffs' First Amended Original Complaint:

59. Defendant **admits** that Plaintiffs have brought an action against Defendant Pechero, but **denies** Plaintiffs' allegations against Defendant.

60. Defendant **admits** that Pechero Limited Partnership which is now known as Nerea Limited Partnership by name change whose general partner is Nerea Family, LLC, entered into an oral month-to-month rental agreement with McAllen Primary Care Clinic, Inc., through its authorized representatives, believing that said corporation was a legally active corporation. Defendant **denies** that the oral, month-to-month rental agreement was valid and enforceable agreement and that, Defendant Pechero, as representative of Pechero Limited Partnership, was in privity with McAllen Primary Care Clinic, Inc., and its authorized representatives. Defendant **denies** that Plaintiffs fully performed and tendered performance in accordance with the month-to-month rental agreement and Plaintiffs' contractual obligations.

61. Defendant **denies** the allegations in paragraph 61.

Defendant's answer to Plaintiffs' paragraphs 62 through 64 of Roman Numeral XI, SIXTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACT, of Plaintiffs' First Amended Original Complaint:

62. Defendant **admits** that Plaintiffs have brought an action against Defendant for tortuous interference with a contract, but Defendant **denies** the allegations.

63. Defendant lacks knowledge and information sufficient to form a belief about the truth of Plaintiffs allegation that Plaintiffs will establish that they were parties to a valid contract with Defendant Pechero. Defendant **denies** that Pechero willfully and intentionally interfered with the alleged contract.

64. Defendant **denies** the allegations in paragraph 64.

Defendant's answer to Plaintiffs' paragraphs 65 through 68 of Roman Numeral XII, SEVENTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS, of Plaintiffs' First Amended Original Complaint:

65. Defendant **admits** that Plaintiffs have brought an action against Defendant for tortuous interference with prospective business relations against Defendant, but **denies** the allegations.

66. Defendant **denies** the allegations in paragraph 66.

67. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' paragraph 67.

68. Defendant **denies** the allegations in paragraph 68.

Defendant's answer to Plaintiffs' paragraphs 69 through 70 of Roman Numeral XIII, EIGHTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, of Plaintiffs' First Amended Original Complaint:

69. Defendant **admits** that Plaintiffs have brought an action against Defendant for intentional infliction of emotional distress, but **denies** the allegations.

70. Defendant **denies** the allegations in paragraph 70.

Defendant's answer to Plaintiffs' paragraphs 71 through 76 of Roman Numeral XIV, NINTH CAUSE OF ACTION – DEFAMATION, of Plaintiffs' First Amended Original Complaint:

71. Defendant **admits** that Plaintiffs have brought an action against Defendant for defamation, but **denies** the allegations.

72. Defendant **denies** the allegations in paragraph 72.

73. Defendant **denies** the allegations in paragraph 73.

74. Defendant **denies** the allegations in paragraph 74.

75. Defendant **denies** the allegations in paragraph 75.

76. Defendant **denies** the allegations in paragraph 76.

Defendant's answer to Plaintiffs' paragraphs 77 through 83 of Roman Numeral XV, TRESPASS TO REAL PROPERTY, of Plaintiffs' First Amended Original Complaint:

77. Defendant **admits** that Plaintiffs have brought an action against Defendant for trespass, but **denies** the allegations.

78. Defendant **denies** the allegations in paragraph 78.

79. Defendant **denies** the allegations in paragraph 79.

80. Defendant **denies** the allegations in paragraph 80.

81. Defendant **denies** the allegations in paragraph 81.

82. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' paragraph 82.

83. Defendant **denies** the allegations in paragraph 83.

Defendant's answer to Plaintiffs' paragraphs 84 through 86 of Roman Numeral XVI, TRESPASS TO PERSONALTY, of Plaintiffs' First Amended Original Complaint:

84. Defendant **admits** that Plaintiffs have brought an action against Defendant for trespass to personalty, but **denies** the allegations.

85. Defendant **denies** the allegations in paragraph 85.

86. Defendant **denies** the allegations in paragraph 86.

Defendant's answer to Plaintiffs' paragraphs 87 through 93 of Roman Numeral XVII, VIOLATIONS OF PROPERTY CODE, of Plaintiffs' First Amended Original Complaint:

87. Defendant **admits** that Plaintiffs have brought an action against Defendant for violations of the Texas Property Code Chapters 24 and 93, but **denies** the allegations.

88. Defendant **denies** the allegations in paragraph 88.

89. Defendant **denies** the allegations in paragraph 89.

90. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Plaintiffs' paragraph 90.

91. Defendant **admits** that Defendant may argue that Plaintiffs had not paid rent, but Defendant lacks knowledge and information sufficient to form a belief about the truth of the other allegations contained in Plaintiffs' paragraph 91.

92. Defendant **denies** the allegations in paragraph 92.

93. Defendant **denies** the allegations in paragraph 93.

Defendant's answer to Plaintiffs' paragraphs 94 through 96 of Roman Numeral XVIII, EXEMPLARY DAMAGES, of Plaintiffs' First Amended Original Complaint:

94. Defendant **denies** the allegations in paragraph 94.

95. Defendant **denies** the allegations in paragraph 95.

96. Defendant **denies** the allegations in paragraph 96.

Defendant's answer to Plaintiffs' paragraph 97 of subparagraph A, Dr. Jorge H. Trevino, of Roman Numeral XIX, SPECIFIC RELIEF, of Plaintiffs' First Amended Original Complaint:

97. Defendant **denies** the allegations in paragraph 97.

Defendant's answer to Plaintiffs' paragraph 98 of subparagraph B, Dr. James Stewart, of Roman Numeral XIX, SPECIFIC RELIEF, of Plaintiffs' First Amended Original Complaint:

98. Defendant **denies** the allegations in paragraph 98.

Defendant's answer to Plaintiffs' paragraph 99 of Roman Numeral XX, TREBLE DAMAGES, of Plaintiffs' First Amended Original Complaint:

99. Defendant **denies** the allegations in paragraph 99.

Defendant's answer to Plaintiffs' paragraph 100 through 101 of Roman Numeral XXI, CLAIM FOR ATTORNEY'S FEES, of Plaintiffs' First Amended Original Complaint:

100. Defendant **denies** the allegations in paragraph 100.

101. Defendant **denies** the allegations in paragraph 101.

Defendant's answer to Plaintiffs' paragraph 102 **Prayer** of Plaintiffs' First Amended Original Complaint:

102. Defendant **denies** that Defendant is liable to Plaintiffs for all of the damages and relief prayed for by Plaintiffs against Defendant.

Defendant **denies**, all and singular, the material allegations alleged by Plaintiffs against Defendant in each and every alleged cause of action, whether specifically denied by Defendant hereinabove or not, and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit and that the Court enter a take-nothing judgment against Plaintiffs in favor of Defendant in each and every cause of action alleged by Plaintiffs against Defendant. Defendant further prays for any and all other relief, both general and special, in law and in equity, to which Defendant may show himself entitled.

Respectfully submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone: (956) 682-1883
Facsimile: (956) 682-0132


 /s/
JOE A. CISNEROS
Federal I.D. No. 3922
Attorney for Defendant
Ruben Pechero, M.D.

CERTIFICATE OF SERVICE

I, Joe A. Cisneros, hereby certify that on this <u>18th</u> day of December, 2008, a true and correct copy of Defendant Ruben Pechero, M.D.'s Answer to Plaintiffs' Original Complaint was sent to Plaintiffs' attorney of record via electronic mail.

 /s/
JOE A. CISNEROS